**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| FABRICIO RIGOBERTO MONTANO-GUALAN, Petitioner, | ) | |
| v. | ) | Civil No. 26-1301 |
| LEONARD ODDO, et al, Respondents. | ) | |

## MEMORANDUM OPINION

Pending before the court is a letter motion (ECF No. 12) filed by counsel for Fabricio Rigoberto Montano-Gualan ("Montano-Gualan" or "Petitioner"), a native and citizen of Ecuador, requesting that the court reconsider its order dated July 17, 2026 (ECF No. 9) and order his immediate release because he now intends to voluntarily depart the United States. Montano-Gualan seeks time to finalize his affairs prior to departing. Leonard Oddo, et.al. (collectively, "Respondents") filed a response in opposition (ECF No. 14). The motion is ripe for decision.

On July 17, 2026, the court issued an opinion, order and judgment (ECF Nos. 8, 9 and 10), which granted in part the Petition for Writ of Habeas Corpus (ECF No. 1) and ordered that within ten (10) days of the Order, Montano-Gualan receive an individualized bond hearing before a neutral immigration judge pursuant to 8 U.S.C. § 1226. On July 29, 2026, Respondents provided notice that Montano-Gualan received an individualized bond hearing before an Immigration Judge on July 27, 2026, after which the Immigration Judge denied bond based on a finding that he is a flight risk (ECF No. 11).

In the pending motion, Montano-Gualan did not acknowledge the Immigration Judge's determination that he is a flight risk. Instead, he represents that he can afford to purchase his

own airline ticket and will depart as ordered. Petitioner asks the court to find that "his continued detention is unnecessary in light of his acceptance of Voluntary Departure." (ECF No. 12 at 1). As of the date of this opinion, neither party informed the court about whether Montano-Gualan has departed the United States.[1]

Federal courts "lack jurisdiction to review any discretionary determinations underlying the [immigration judge's] bond decision," and may only "review whether the bond hearing was fundamentally unfair" such that it violates the detainee's due process rights. *Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022); *see Quinteros v. Warden Pike Cnty. Corr. Facility*, 784 F. App'x 75, 78 (3d Cir. 2019) ("Because we lack jurisdiction to review any discretionary determinations underlying the [immigration judge's] bond decision, we are limited to reviewing only those of [Appellant's] challenges that pertain to the adequacy of process he received at his bond hearing.").

Montano-Gualan does not challenge the fairness of the July 27, 2026 bond hearing before the Immigration Judge. Instead, he asks this court to overrule the Immigration Judge's finding that he poses a flight risk. This court lacks jurisdiction to do so. *See Ghanem; Quinteros.*

Conclusion

For the reasons set forth above, the motion for release (ECF No. 12) will be DENIED.

An appropriate Order will be entered.

Dated: October 28, 2026

BY THE COURT:

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Court Judge

---

[1] The court does not reach Respondents' alternative argument that the voluntary departure status renders the Petition moot.